IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QIANA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-2548 |
| | ) |
| CITY OF ARNOLD, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

After unconstitutionally incarcerating Plaintiff Qiana Williams for 27 days because she was too poor to pay fines and her bond, Defendant City of Arnold (hereinafter, "the City" or "Arnold") now attempts to shirk responsibility by claiming that its municipal court is a required party. The City argues that Ms. William's claims are primarily directed at the conduct of its municipal court, which they claim is an arm of the state rather than the municipality, and must be joined as a separate necessary party.[1] Whether the municipal court qualifies as a state or city entity, however, is highly contested.[2] However, the status of the courts is irrelevant here because all of Ms. Williams' claims challenge conduct that was driven by the policies and practices of the City.

---

[1] The City tries to frame the municipal court as an arm of the State of Missouri in order to claim that despite being a necessary party, the municipal court cannot be joined because it is entitled to immunity as a state agency and that therefore the Court must dismiss Ms. Williams' claims.
[2] There is substantial evidence that the municipal courts are under the control of the City and function as arms of the local, rather than state, government. The City established and maintains its own municipal court. Arnold. Mun. Code § 125.010.  The City appoints municipal court judges.  *See id.* at §§ 125.020(B).  The City pays the salaries of both the municipal court judges and non-judicial personnel.  Mo. Stat. § 479.060.  Thus, there is significant evidence that the municipal courts are not, in fact, state actors.

1

In fact, the document repeatedly makes clear that liability in this case lies with the City of Arnold, not its Court. *See, e.g.,* ECF No. 1 at ¶ 1 ("Officers of the *City of Arnold* arrested and jailed Plaintiff Qiana Williams"); at ¶ 19 ("For Ms. Williams, this began a years-long cycle of arrests and jailings by the *City of Arnold*…"); at ¶ 30 ("This ordeal was only one of several instances Ms. Williams suffered at the hands of *Arnold city officials* due to her poverty and inability to pay traffic fines and related cash bonds.…"); at ¶¶ 85 ("Ms. Williams's deplorable treatment is representative of the *City of Arnold's policies and practices*…"); at Request for Relief, p. 19 ("A judgment compensating Ms. Williams for damages she suffered as a result of *the City's* unconstitutional and unlawful conduct in imprisoning her in violation of law.")  (Emphasis added).

Because Ms. Williams' claim is directed solely at damages inflicted upon her by the City of Arnold, the City of Arnold's Motion to Dismiss (ECF No. 36) should be denied.

## ARGUMENT

"Dismissal of a case for failure to join a necessary party 'is a drastic remedy, which should be employed only sparingly.'" *Northern Oil & Gas, Inc. v. EOG Res., Inc.*, No. 1:16-cv-388, 2018 U.S. Dist. LEXIS 64181, at *19 (D.N.D. Apr. 17, 2018) (quoting *Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 901 (4th Cir. 2014)); *see also Fort Yates Pub. Sch. Dist. #4 v. Murphy*, 786 F.3d 662, 671 (8th Cir. 2015) (noting that "courts are generally reluctant to grant motions to dismiss of this type" (internal citations and quotation marks omitted)).

For purposes of a motion for judgment on the pleadings, the Court must assume as true all facts pleaded by the nonmoving party and all reasonable inferences from those facts. *Thach v. Tiger Corp.*, 609 F.3d 955, 957 (8th Cir. 2010). Judgment on the pleadings must be denied unless, given the truthfulness of all facts and inferences pleaded by the non-moving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law. *Id*.  In ruling

on a motion to dismiss for failure to join a required party, courts must base their decision on the pleadings as they appear at the time of the proposed joinder. *Id.* at *7 (citing *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990)).

I. **THE MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE DENIED BECAUSE THE MUNICIPAL COURT IS NOT A REQUIRED PARTY UNDER RULE 19(A)**

As a threshold matter, a party must qualify as "required" under Rule 19(a) for dismissal under Rule 19(b) to be proper.  "If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." *Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). Under Rule 19(a)(1), a party is "required if: (a) in that person's absence, the court cannot accord complete relief among existing parties; or (b) that person claims an interest relating to the subject matter to the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . . ." FED. R. CIV. P. 19(a)(1).  The City fails to meet either criterion.

The City's lengthy discussion of sovereign immunity is not relevant to the Court's analysis of the present motion,[3] for which the relevant Rule 19 joinder analysis does not distinguish between necessary government parties and necessary private parties.  *See Two Shields v. Wilkinson*, 790 F.3d 791, 794-95, 797-98 (8th Cir. 2015); *see also Florida Wildlife Fed., Inc. v. U.S. Army Corps of Eng.*, 859 F.3d 1306, 1316-20 (11th Cir. 2017).

   A. **The Court May Grant Complete Relief To Ms. Williams Without The Municipal Court And Therefore The Court Is Not A Necessary Party.**

"Complete relief" under Rule 19(a)(1)(A) "does not mean that every type of relief sought must be available, only that meaningful relief be available." *Henne v. Wright,* 904 F.2d 1208,

---

[3] Even if the municipal court were an arm of the state entitled to sovereign immunity--which is doubtful and which Ms. Williams does not concede--it is not a required party here.

3

1212 n.4 (8th Cir. 1990) (internal citations omitted). Where the court can resolve the dispute between the existing parties without the drastic action of dismissing entire claims, joinder is not required. *See LLC Corp. v. Pension Ben. Guar. Corp.,* 703 F.2d 301, 305 (8th Cir. 1983); *Fochtman v. DARP, Inc.,* 2018 U.S. Dist. LEXIS 109359, *18, 2018 WL 3148113.

The Court can accord meaningful and enforceable relief to Ms. Williams without joinder of the municipal court. She seeks money damages from the City and a declaration that the City violated her constitutional rights. *See* ECF No. 1 at 19-20. The City can undeniably provide complete monetary compensation for any injuries that a jury may find that Arnold caused. When it comes to equitable relief, "complete relief" is possible if an injunction or declaration against those who are parties is meaningful and enforceable. *See Salt River Project Agric. Improvement & Power Dist. v. Lee,* 672 F.3d 1176, 1180 (9th Cir. 2012) (joinder of tribe not necessary because district court could afford complete relief without joinder by enjoining tribal officials who were parties). Because Ms. Williams only seeks a declaration acknowledging the unconstitutionality of *the City's* policies and practices, the Court here is able to accord complete relief without joining the municipal court.

The City's argument that relief is not available mischaracterizes Ms. Williams' allegations and distorts her requested relief. (*See* ECF No. 36, pp. 21-22) [hereinafter "Motion"]. Arnold's Motion incorrectly states that Ms. Williams seeks "injunctive relief changing the manner in which the Court Division carries out its inherent powers." ECF No. 36 at 21. However, Ms. Williams' complaint made no such request for injunctive relief. ECF No. 1, pp. 19-20. Rather, Ms. Williams requests the Court grant her declaratory relief and damages. ECF No. 1, pp. 19-20. Thus, Arnold's claim that relief is not available is based on a misrepresentation of the pleadings.

4

Contrary to the City's assertions, Ms. Williams' allegations do not concern the judicial and quasi-judicial conduct of the municipal courts. Rather, the complaint alleges a scheme by the City itself to increase its revenue through unconstitutional practices. ECF No. 1 at ¶85-93. To the extent municipal court personnel are involved in the City's scheme, they acted under the direction and control of the City. Thus, assuming the truth of the allegations in the complaint and all reasonable inferences therefrom, Ms. Williams' complaint alleges constitutional violations by the City, not the municipal court, and therefore the court is not a necessary party and is not required to be joined.

Multiple Courts within this district have previously held that municipalities can be sued as independent Defendants even when the facts implicate potential unconstitutional actions by their municipal court. *Webb v. City of Maplewood, Missouri*, No. 4:16 CV-1703-CDP, 2017 WL 2418011, at *6 (E.D. Mo. June 5, 2017) ("[T]he complaint's allegations are largely based on action taken by and in the municipal court, but the complaint clearly alleges that this conduct was and is driven by the policies and practices implemented by the City for the purpose of increasing City revenue. Indeed, in addition to conduct undertaken by the municipal court, the complaint alleges that the City's unlawful policies are also executed through the conduct of its clerk, city manager, police department, and city attorney – all of whom act under the authority of the city council. The complaint sufficiently claims that plaintiffs were subjected to unlawful conduct carried out pursuant to the unconstitutional policies and practices of the City of Maplewood."); *Baker v. City of Florissant*, No. 4:16-CV-1693 NAB, 2017 WL 6316736 at *6 ("[The] complaint is awash with allegations that [Plaintiffs'] alleged injuries resulted from the City's own unconstitutional policies and the continuing and pervasive unconstitutional customs and practices of a wide range of City departments and employees, including police officers, jail staff and supervisors, and *municipal judges*, among others. Additionally, Plaintiffs assert that many of the alleged constitutional

5

deprivations took place entirely outside of any judicial process whatsoever.") (emphasis added); *Fant v. The City of Ferguson*, No. 4:15-CV-00253-AGF, 2016 WL 6696065, at *6 (E.D. Mo. Nov. 15, 2016)2016 WL 6696065, at *6 ("[P]laintiffs do not seek to hold the City liable for the judicial decisions made by a municipal court judge in particular cases.  Indeed . . . Plaintiffs allege that the constitutional deprivations here took place largely outside of any judicial process. Instead, Plaintiff's complaint is replete with allegations that each of the injuries alleged was caused by the City's own unconstitutional policies and by the continuing and pervasive unconstitutional practices of a wide range of City employees."); *Thomas v. City of St. Ann*, No. 4:16-CV-1302 (E.D. Mo. Apr. 24, 2017) ECF No. 78 at 6-7 ("The City of St. Ann also moves to dismiss the majority of Plaintiffs' claims asserting that the claims are directed solely at the actions of municipal judges and their staff. Plaintiffs' claims are not so limited. In the body of Plaintiffs' amended complaint they allege that the City of St. Ann had a custom and policy of directing their police officers to issue fine laden citations for minor infractions in an effort to raise city revenues").

Like the above cases, Ms. Williams' Complaint repeatedly makes clear that she challenges the *City* and the *City's* policies and practices, not the municipal court's.  Her claims involve City officials engaging in conduct that is unconstitutional precisely because it occurred outside of any judicial proceedings recognizable in American law. Specifically, she was repeatedly detained by City employees for as many as eleven days, often without any judicial process at all. That some of her claims and allegations may implicate conduct of individuals affiliated with the municipal court is beside the point.  Even for those allegations involving municipal court personnel, the prospect that their conduct may have contributed to injuring Ms. Williams does not render the municipal court liable or afford the municipal court division an interest in this litigation that requires joinder. *See Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 1034 (D. Minn. 2016) (noting that "third-

6

parties are not necessarily required parties under Rule 19 merely because they are involved in conduct underlying a plaintiff's claims" (citations omitted)).  Nor is this an issue that can be resolved on the City's motion.

Further, the issue of whether municipal court personnel are acting for the City or the municipal court cannot be decided prior to the conclusion of discovery. Eighth Circuit precedent holds that such a claim raises factual issues that cannot be resolved on the pleadings.  *See Evans v. City of Helena-West Helena, Arkansas,* 912 F.3d 1145, 1147 (8th Cir. 2019) (finding that a complaint stated "a plausible claim that the clerk was a city official at the time of the alleged wrongdoing").  In *Helena*, the court recognized that the question of whether the court clerk was a state government official could not be determined without further development of the record "with respect to the clerk's duties and responsibilities, the source of the clerk's pay, or the degree of control that state or local officials, respectively, exercised over the clerk." *Id*. (citing *McMillian v. Monroe County*, 520 U.S. 781, 789–93 (1997)); *see also Fort Yates*, 786 F.3d at 671–72 ("Determining whether an entity is an indispensable party is a highly-practical, fact-based endeavor" requiring "a careful examination of the facts" (internal citations omitted)); *Two Shields v. Wilkinson*, 790 F.3d 791, 798 (8th Cir. 2015); *Davis v. United States*, 192 F.3d 951, 961 (10th Cir. 1999) (declining to conduct fact-finding necessary for a Rule 19(b) determination and remanding to the district court to conduct the analysis). Because a motion for judgment on the pleadings is necessarily limited to the pleadings as they appear at the time of the proposed joinder, and further discovery is necessary to determine the role of municipal court personnel, the City's argument is also premature.

Because Ms. Williams challenges the City's misconduct and the Court can grant complete relief from the City, the municipal court is not a required party. Ms. Williams' claims may proceed without joinder.

### B. The Municipal Court's Interests Will Not Be Impaired in Its Absence

The City fares no better with its assertion that, under Rule 19(a)(1)(B), proceeding with this case without joining the municipal court will impair or impede an interest of the municipal court. First and foremost, no absent party has "claim[ed] an interest" in the present litigation, so the inquiry stops here. "The plain language of Rule 19(a)(1)(B) provides that an unjoined party is 'required' if that party claims an interest in the proceedings." *Sheevam v. Patel*, No. 4:09-CV-00925-DDN, 2009 WL 4430738, at *4 (E.D. Mo. Nov. 25, 2009). "Only the absent party may assert its claim," and a "party named in the litigation cannot assert the interest on the absent party's behalf." *Id.* (quoting *Gibbs Wire and Steel Co. v. Johnson*, 255 F.R.D. 326, 329 (D. Conn. 2009)). If the absent party "is aware of an action yet chooses not to claim an interest, the court does not err by finding joinder unnecessary." *Flowers v. Safeco Ins. Co. of Ill.*, 2016 WL 1381771 (E.D. Mo. Apr. 6, 2016). *See also Hug v. Am. Traffic Sols., Inc.*, No. 4:14-CV-00138, 2014 WL 2611832, at *2 (E.D. Mo. June 11, 2014) ("Defendant has not shown either the City or Director have claimed an interest in the subject of this suit."). Here, neither Arnold's municipal court nor the State of Missouri claimed any interest in this litigation by seeking intervention. If the municipal court is a separate government entity, as the City claims, then that entity has not claimed an interest and the motion to dismiss for failure to join a necessary party should be denied.

Even had Arnold's municipal court or the State of Missouri claimed an interest, there is no evidence that the nature of their interests would require joinder. As the City acknowledges, the burden is on the moving party to show "the nature of the unprotected interests of the absent party."

8

ECF No. 36 at 19 (quoting *H.S. Resources, Inc. v. Wingate*, 327 F.3d 432, 439 n.11 (5th Cir. 2003); *see also* Wright & Miller, *Federal Practice & Procedure* § 1359 (3d ed. Sept. 2018 update). The City argues that failure to join the municipal court would impair the municipal court's interest because (i) it requires trying the municipal court's liability behind its back, *see* ECF No. 36 at 23-24, and (ii) it will interfere with the municipal court's "ability to exercise its own inherent powers and the ability of Circuit Court and the Missouri Supreme Court to oversee such powers." *Id.* at 27.  As discussed below, these arguments fail.

### 1.     The Liability of the State Is Not At Issue

The question to be determined by the Court is whether it can resolve the dispute between the named parties. *See LLC Corp. v. Pension Ben. Guar. Corp.,* 703 F.2d 301, 305 (8th Cir. 1983). The mere fact that litigation may affect a nonparty's interest does not make that party necessary to the proceedings. *Id.*  Here, the municipal court's liability is not at issue. As courts in this district have repeatedly recognized, claims similar to Ms. Williams' are against the City for the City's unlawful policies, practices, and conduct. *See Webb,* 2017 WL 2418011, at *6*; Fant,* 2016 WL 6696065, at *6*; Baker,* 2017 WL 6316736 at *6; *Thomas,* ECF No. 78 at 6-7.  Ms. Williams makes no claims that require findings of wrongdoing by the State and requests no damages against the State. Thus, contrary to the City's claims, Ms. Williams does not seek to try the municipal court's liability behind its back—because she does not seek to try the municipal court's liability at all.

In this regard, the City's reliance on *Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015), is misplaced.  *See* ECF No. 36 at 24-26.  In *Wilkinson*, the plaintiffs alleged that the named defendants induced a breach of fiduciary duty by a nonparty--the United States--a theory of liability requiring proof of a tort by the nonparty *as an element of the plaintiffs' case*.  790 F.3d at 797.  The Eighth Circuit concluded that because, among other things, the plaintiffs could

9

only prevail by demonstrating that the nonparty had breached its fiduciary duty to them, the nonparty had an interest in the litigation that required joinder. *Id.* Here, by contrast, no element of any of Plaintiffs' claims requires proof of a tort or any other wrongdoing by the municipal court, so *Wilkinson* is inapposite. *See also Fochtman v. DARP, Inc.*, No. 5:18-CV-5047, 2018 WL 3148113, at *7 (W.D. Ark. June 27, 2018) (holding that because the case before the court did not require a showing that a state entity acted improperly, any interest the state had in the outcome of the case was insufficient to justify joinder). Therefore, because Ms. Williams' claims do not require proof of any wrongdoing by the municipal court, its liability is not at issue and it is not a required party.[4]

Similarly, the City's invocation of the specter of joint and several liability does not require joinder. In a similar case, the Eighth Circuit held that a city is not shielded from separate liability even where a potential state actor is also involved in the constitutional violation. *Webb v. Maplewood*, 889 F.3d 483, 486 (8th Cir. 2018) ("Even if the [municipal] court were entitled to immunity . . . that immunity would not shield the City from its separate liability if any."). If the City's policies and practices are unconstitutional and enforcement of the City's policies is unconstitutional, the City is liable.[5] The municipal court does not share liability merely because it is the forum in which an individual case may be adjudicated. This is evidenced by the fact that

---

[4] The Court should also reject the City's argument that joinder is necessary because otherwise the State of Missouri would be unable to defend against *the City's claim* that it was a state policy or practice that was responsible for the violation of Ms. Williams constitutional violation. The City has not raised any such claim in its answer or affirmative defenses. (ECF No. 10, pp.8-11). Thus, any such claim is anticipatory and self-serving at best.

[5] Additionally, as Arnold is no doubt aware, alleged joint tortfeasors are neither necessary nor indispensable parties pursuant to Rule 19. *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 308 (8th Cir. 2009). See also, *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Bailey*, 563 F.3d at 308 ("[T]ortfeasors with joint and several liability are merely permissive parties.").

other municipalities—not the State—have subsequently reached settlement agreements to reform the actions of their municipal courts. *See, e.g.*, *Fant*, 2016 WL 66966065 at *8 (describing City of Ferguson's steps to "'develop and implement' plans to correct its municipal court practices in the future" pursuant to its consent decree with the U.S. Department of Justice); Joint Memorandum in Support of Parties' Joint Motion for the Entry of Declaratory Relief and Exhibit Jennings Ordinance 2367, *Jenkins v. City of Jennings*, No. 4:15-cv-252-CEJ, Dkt. Nos. 13-1, 13-6 (E.D. Mo. Aug. 26, 2015) (describing the declaratory and injunctive relief adopted by the City of Jennings through city ordinance to reform its municipal court); *See also Watkins v. City of Florissant*, 16SL-CC00165, Class Action Settlement Agreement, at 4 (describing the monetary and injunctive relief agreed to by the City of Florissant related to settlement). In each of these agreements, the local municipality—and not any separate court entity—entered into an agreement to implement municipal court reforms.[6] By the City's logic, a constitutional challenge to an act of Congress or a federal regulation may require joinder of the federal courts because the court could share liability for any adjudications under the challenged law or regulation.

---

[6] Whether a municipal court is in fact an arm of the state has not been decided by the Eighth Circuit. Ms. Williams does not believe it is. Controlling Eighth Circuit law states that the most important factor in examining whether an entity is an arm of the state, and therefore entitled to sovereign immunity, is whether a judgment against the entity would ultimately flow from the state treasury. *See Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006); *Sherman v. Curators of Univ. of Missouri*, 16 F.3d 860, 863 (8th Cir. 1994); *Hadley v. N. Arkansas Cmty. Tech. Coll.*, 76 F.3d 1437, 1439 (8th Cir. 1996); *see also Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994) ("Courts of Appeals have recognized the vulnerability of the State's purse as the most salient factor in Eleventh Amendment determinations"). Courts may look to the entity's "degree of autonomy and control over its own affairs," though this factor is accorded less weight than whether the judgment would run against the state treasury. *Thomas*, 447 F.3d at 1084. Here, if the Court awards damages, that judgment would run against the City's treasury, not the State's. For these reasons, the municipal court is not an arm of the state entitled to sovereign immunity.

Accordingly, the City has failed to show that the municipal court has an interest in this action that would be impeded if this case were to proceed and the Court should find that joinder is not necessary.

### 2. Relief Would Not Interfere With The Municipal Court's Powers

Ms. Williams does not seek relief that will interfere with the municipal court's powers. As discussed above, Ms. Williams asks this Court to grant relief that is entirely within the City's control. Ms. Williams has not requested any injunctive relief that would impact the municipal court's functioning or authority in any way.

The primary case cited by Defendant for this argument, *Gooch v. Spradling,* is inapposite. 523 S.W.2d 861 (Mo. App. K.C.D. 1975). The City cites *Gooch* for the proposition that municipalities have no authority to interfere with the administration of state court rules. ECF No. 36 at 14. But the relief Ms. Williams seeks would not interfere with the administration of Rule 37—the Missouri Supreme Court Rule addressing municipal courts—because she does not challenge any actions taken by the municipal court (or the City) pursuant to Rule 37. Indeed, the City has never pointed to a single provision of Missouri law that requires it to engage in any of the constitutional violations Ms. Williams challenges.

Any damages awarded, as stated *supra*, would flow from the City's treasury. Any declaration Ms. Williams seeks would not change the municipal court's operation. Therefore, Ms. Williams can obtain complete relief without any impact on functioning or decision making of the municipal courts, making it unnecessary to join it as a party.

### B. THE CASE MAY CONTINUE IN THE MUNICIPAL COURT'S ABSENCE

Even if the City could meet its burden of demonstrating that the municipal court is a required party under Rule 19(a), which it cannot, these findings would not compel dismissal.

12

The Court must also find that the City has met its burden of demonstrating that the action should be dismissed rather than simply proceed among the existing parties. *See* Rule 19(b). The City has not met this burden.

Rule 19(b) enumerates four factors that determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed":

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by . . . protective provisions in the judgment[,] shaping the relief[,] or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The City asserts a general rule that dismissal under Rule 19 is critical if the absent party cannot be joined due to sovereign immunity. ECF No. 36 at 21 (citing *Republic of the Philippines v. Pimentel,* 553 U.S. 851, 862–63, 867 (2008); *Wilkinson,* 790 F.3d at 797–98). However, in reality, courts must consider the factors articulated in Rule 19(b) even if an immune nonparty is found to be required. *See Wilkinson*, 790 F.3d at 798 (analyzing Rule 19(b) factors in the context of a required and immune nonparty). Here, the City notes the sovereign's interest, repeats its mischaracterization of Ms. Williams' claims, and then elides other considerations. But the Rule 19(b) factors strongly favor allowing this action to proceed without the municipal court.

The First Rule 19(b) factor, whether the absent party would be prejudiced, favors proceeding. The only allegation of prejudice raised by Defendants is a vague claim that the absence of the municipal court will "cloud the validity" of the court's rulings in general. ECF No. 36 at 29. But the City never explains how a judgment against Arnold could produce such a cloud when Ms. Williams does not challenge any docket activity of the municipal court.[7]

---

[7] As stated above, many area municipalities have enforced changes to their own municipal courts without any challenges to the validity of their judgments.

13

The case law relied on by Defendants does not mandate dismissal here. The potential prejudice the municipal court could suffer from a judgment rendered in its absence is substantially less than that facing the required nonparty in *Wilkinson*.[8] The City summarily asserts that a judgment rendered in the municipal court's absence "will cloud the validity" of how it adjudicates and rules in the cases on its docket without indicating what form such a "cloud" would take. ECF No. 36 at 26. Indeed, at least three similar municipalities, as noted *supra*, have affected changes upon their municipal courts without any subsequent questions arising as to the validity of the courts' judgments. Similarly, the City never explains why adjudicating Ms. Williams' claims without joining the municipal court would amount to "litigat[ing] the liability of the municipal court division behind its back," *id*. at 5, 27, when she here, unlike the plaintiffs in *Wilkinson*, has not asserted a theory of liability that requires proof of the municipal court's liability. Indeed, the City's argument is premised on the notion that the municipal court is immune, so it is unclear how, if the City is correct, the parties could litigate the municipal court's *liability* behind its back. According to the City, the municipal court can have no such liability.

Proceeding in the absence of a nonparty is especially non-prejudicial where the nonparty's interests are adequately represented by existing parties. *See Gwartz v. Jefferson Mem'l Hosp.*, 23 F.3d 1426, 1429 (8th Cir. 1994) (finding nonparty not necessary because it had the same interest in establishing facts as one of the parties and its interest would thus not be impaired by nonjoinder). Here, the City will surely make all of the arguments that the municipal court would make if it was

---

[8] In *Wilkinson*, 790 F.3d at 796, the required non-party, the United States, was found to be required because the United States' interest in many other land grants could have similarly be affected by the ruling.

joined,[9] including that the actions at issue satisfied constitutional, federal, and state law standards. Indeed, it is the *City*, not the municipal court, that raises the joinder issue.  Even if the municipal court were somehow to be deemed an arm of the state with an interest in this case, that interest would be adequately protected without its joinder.[10]

Even if the municipal court were "required" under Rule 19(a), its interests would be adequately protected by joining the implicated municipal court *personnel* as parties in their official capacities.[11]

In short, Defendants argue that anytime a decision by a municipal court is implicated, no matter how tangential, the court is a necessary party. Because they claim the municipal court is immune from suit, however, this position would necessarily result in all litigation involving court decisions to be immune from suit simply because the result could affect the municipal court in some fashion, no matter how attenuated.

The second and third factors of Rule 19(b), addressing the relief available, also favor proceeding.  Ms. Williams seeks damages only to the extent that she was harmed by unconstitutional City policies and practices.  Similarly, the suit seeks a declaration only that the City violated her rights. Thus, should the Court conclude that the municipal court is independent (at least in some respects) from the City and immune from suit, this Court can shape any relief it grants to mitigate the risk of prejudice to the municipal court. Further, as discussed above in Part I.A, a judgment issued in the absence of the municipal court would be adequate.

---

[9] Ms. Williams does not concede that the municipal court has interests of its own separate and distinct from those of the City, given that any municipal court personnel involved in the City's scheme acted under the direction and control of the City.

[10] In *Pimentel,* 553 U.S. at 863–64, the case cited by Defendants, all parties conceded that the interests of the absent sovereign would not be protected absent joinder.

[11] Ms. Williams has not joined these officials as defendants because she alleges that these officials were acting under the direction and control of the City.

15

Finally, the fourth Rule 19(b) factor, whether Ms. Williams would have an adequate alternative remedy, also favors proceeding. There is serious doubt whether Ms. Williams would have an adequate remedy if this action were dismissed for nonjoinder. If this case were dismissed on the ground that the municipal court is an indispensable party with Eleventh Amendment immunity, Ms. Williams would have no remedy in federal court. Further, case law suggests that the State and its entities have broad sovereign immunity in state courts. *See, e.g.*, *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921–22 (Mo. 2016) (en banc) (explaining that in the absence of an express statutory waiver under Mo. Rev. Stat. § 537.600 *et. seq.*, "or a recognized common law exception such as the proprietary function and consent exceptions, sovereign immunity is the rule and applies to all suits against public entities"). Ms. Williams' lack of adequate remedy is not outweighed by the City's specious interest in shifting liability to an entity that the City asserts cannot be liable.[12] Because all four Rule 19(b) factors favor Ms. Williams, equity and good conscience dictate that the case against the City of Arnold should not be dismissed.

Finally, rewarding the City for shifting the blame for its unconstitutional conduct onto the municipal court would have troubling implications. A dismissal here, based on mischaracterizations that contradict the allegations in the Complaint, would invite every defendant to evade responsibility by scapegoating some entity protected by sovereign immunity. Rather than grapple with the actual allegations, defendants would simply re-characterize plaintiffs' allegations to manufacture a joinder problem. A clever defendant would then move for dismissal for failing

---

[12] The City's suggestion that the political process is an adequate remedy would render 19(b)(4) a nullity as that is true of every conceivable legal challenge. While the political process is an alternative avenue to address prospective harms, it will not help Ms. Williams, who was unconstitutionally jailed by the City of Arnold for 27 days.

16

to join that entity, even though the plaintiff never suggested it bore any responsibility for the plaintiff's injuries.  That kind of gamesmanship--manufacturing a joinder problem merely by controverting the allegations in a complaint--is not permissible.

Dated:  April 15, 2019				Respectfully submitted,

							By: /s/ *John M. Waldron*
								Blake A. Strode (MBE #68422MO)
								Michael-John Voss (MBE #61742MO)
								Sima Atri (MBE #70489MO)
								John M. Waldron (MBE #70401MO)
								**ARCHCITY DEFENDERS, INC.**
								440 North 4th Street, Ste. 390
								St. Louis, MO 63102
								855-724-2489 ext. 1021
								314-925-1307 (fax)
								bstrode@archcitydefenders.org
								mjvoss@archcitydefenders.org
								satri@archcitydefenders.org
								jwaldron@archcitydefenders.org
								*Attorneys for Plaintiff*